```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

JOSEPH MARTIN COPPINGER          :

                               :

   v.                          : Civil Action No. DKC 2005-2380

                               :

CHARLES SCHANTAG, et al.         :

                               :

### MEMORANDUM OPINION

This case presents a legal conundrum that will sound absurd to a non-lawyer. Counsel for Plaintiff has filed a notice of voluntary dismissal, reciting that Plaintiff unfortunately died on December 19, 2005, and that the family does not wish to proceed with this action alleging defamation and false light invasion of privacy. While it might seem unnecessarily convoluted, the law does not permit an attorney to file the notice because his agency relationship with Plaintiff ceased on Plaintiff's death. Nor does the filing suffice as a suggestion of death under Fed.R.Civ.P. 25,[1]

---

[1] Rule 25 (a)(1) provides:
> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the
>                                    (continued...)

triggering the 90-day period for substitution. Moreover, Maryland law seems to provide that the causes of action do not survive Plaintiff's death so as to permit substitution of a party under Rule 25. Accordingly, the notice of dismissal is ineffective, but the case will nevertheless be dismissed.

First, counsel's authority to act on behalf of a client ceases if the client dies:

> Ordinarily, under well-established principles of agency law, an agent's authority terminates upon the death of the principal. *See Restatement (Second) of Agency*, § 120 (1958). The lawyer-client relationship is not excepted from this rule. *Switkes v. John McShain*, 202 Md. 340, 348, 96 A.2d 617 (1953).

*Brantley v. Fallston Gen. Hosp. Inc.*, 333 Md. 507, 511-512, 636 A.2d 444, 446 (1994). *See also, e.g., Hilsabeck v. Lane Co., Inc.*, 168 F.R.D. 313, 315 (D.Kan. 1996):

> There is nothing in the record to establish the authority of or authorization for counsel for the deceased plaintiff to file any pleadings in this case, including the pending motion to dismiss. The attorney-client relationship is one of agency and terminates upon the client's death. *State v. Dickens*, 214 Kan. 98, 102, 519 P.2d 750 (1974). Accordingly, counsel for the decedent's motion to dismiss without prejudice is denied.

Second, as counsel for the deceased Plaintiff, Mr. Ripley's filing does not constitute a suggestion of death on the record:

---

[1](...continued)
death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

2

> For purposes of the pending motions, the suggestion of death on record, which counsel for the deceased plaintiff filed, is not valid. Counsel did not purport to make the suggestion of death on behalf of the decedent's heirs or successors or as a representative of his estate. "'[T]he attorney for the deceased party may not make the suggestion of death since he is not himself a party to the action and, since his authority to represent the deceased terminated on the death, he is not a "representative of the deceased party" of the sort contemplated by the rule.'" *Fehrenbacher v. Quackenbush*, 759 F.Supp. 1516, 1518 (D.Kan. 1991) (quoting 7C Charles A. Wright *et al.*, Federal Practice & Procedure § 1955, at 545 (2d ed. 1986)); *see Enfinger* [*v. Wolf Creek Nuclear Operating Corp.*], 1996 WL 254609 at *3, n.3 [(D.Kan. Apr. 12, 1996)]; *Hippen* [*v. Griffiths*], 1991 WL 152833 at *1 [(D.Kan. July 9, 1991)]. Additionally, the suggestion of death does not appear to have been served on the successors or representatives of Steve Hilsabeck who are not parties to this action in the manner provided by Fed.R.Civ.P. 4, as Rule 25(a)(1) requires. *See Grandbouche* [*v. Lovell*], 913 F.2d [835] at 837 [10th Cir. 1990]; *Fehrenbacher*, 759 F.Supp. at 1518. Accordingly, the time for filing a motion to substitute a proper party has not run.

*Hilsabeck*, 168 F.R.D. at 314 (footnote omitted).  Thus, unless a proper suggestion of death is filed by Defendants or the personal representative of Plaintiff's estate, the mechanism for substitution or dismissal will not be triggered.

On the other hand, the causes of action pled in the amended complaint – defamation and false light invasion of privacy – did not survive Plaintiff's death.  Under Maryland law, the claim for defamation is statutorily extinguished upon death of either party.

3

*See* Md.Code Ann., Cts. & Jud. Proc. § 6-401(b).[2] *See also Cant v. Bartlett*, 292 Md. 611, 612, 440 A.2d 388, 388 (1982) (holding that after the plaintiff in a libel action died, the trial judge erred when he allowed substitution of the deceased's personal representative).

Further, the tort of invasion of privacy likely met a similar fate, albeit not as clearly.  Maryland generally follows the Restatement formulation:

> False light invasion of privacy has been defined as follows:  One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of privacy, if (a) the false light in which the other person was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.  *Bagwell v. Peninsula Regional Medical Center*, 106 Md.App. 470, 513-514, 665 A.2d 297 (1995), citing Restatement (2d) Torts § 652E.  This tort requires publicity, meaning that "the disclosure of the private facts must be a public disclosure, and not a private one." *Hollander v. Lubow*, 277 Md. 47, 57, 351 A.2d 421 (1976).

*Furman v. Sheppard*, 130 Md.App. 67, 76-77, 744 A.2d 583, 587 (2000).  Maryland courts have recognized the similarities between

---

[2] That section provides: "A cause of action for slander abates upon the death of either party unless an appeal has been taken from a judgment entered in favor of the plaintiff."  By case law interpretation, the section applies to both oral and written defamation, *Cant v. Bartlett*, 292 Md. 611, 440 A.2d 388 (1982).

4

defamation and invasion of privacy false light. *See, e.g., Carr v. Watkins*, 227 Md. 578, 586-87, 177 A.2d 841, 856 (1962) (stating that "the tort of invasion of privacy in some aspects is similar to the interest in reputation which is the basis for an action for defamation, since both interests have relation to the opinions of third persons"); *Phillips v. Washington Magazine, Inc.*, 58 Md.App. 30, 36 n.1, 472 A.2d 98, 101 n.1 (1984) ("Regardless of whether a declaration is styled as a defamation action or an invasion of privacy action, the same considerations and legal standards apply.").

In a similar case arising in Kentucky, which also follows the Restatement, the court thoroughly analyzed the situation:

> The court notes, without deciding, that the facts of this case might well meet the criteria for a false light privacy claim by plaintiff's son if he were still living. The problem is that he is not living, and a privacy claim must be brought by a living person. This is specifically required by the RESTATEMENT (SECOND) OF TORTS § 652I, which provides:
>> Except for the appropriation of one's name or likeness, an action for invasion of privacy can be maintained only by a living individual whose privacy is invaded.
>
> The point is emphasized by Comment b to that Section which states:
>> [i]n the absence of statute, the action for the invasion of privacy cannot be maintained after the death of an individual whose privacy is invaded.

5

> Plaintiff argues that the need for a statute to preserve her privacy right of action is met by Ky.Rev.Stat. § 411.140, *supra*, which preserves all rights of action after the death of the claimant "except actions for slander, libel, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for personal injury."
>
> Plaintiff invokes the ancient maxim *expressio unius est exclusio alterius* (the mention of one thing implies the exclusion of other things not mentioned). She argues that the specific mention of actions for libel and slander as abating with the death of the injured person, with no mention of privacy, implies that an action for privacy should survive.
>
> The court holds, however, that there was no need to mention the right of privacy action specifically because one of its essential elements is that only a living person can sue for invasion of privacy. RESTATEMENT OF TORTS (SECOND) § 652, *supra*.

*Mineer v. Williams*, 82 F.Supp.2d 702, 704-05 (E.D.Ky. 2000). *See also Ruffin-Steinback v. dePasse*, 82 F.Supp.2d 723, 733-34 (E.D.Mich. 2000)(stating that under Mississippi law, defamation does not survive the plaintiff's death, and although a previous case addressed only common-law defamation, the court found "no reason to predict that Mississippi would treat false light invasion of privacy differently with regard to the survivability of the claim").

Here, Plaintiff's defamation and invasion of privacy false light claims are predicated on the same factual basis.[3]  Even though § 6-401(b) addresses only slander, Maryland courts could well conclude that the tort of invasion of privacy false light arises from the same historical understanding of the term "slander" used in the initial statute now codified in § 6-401, and is thereby extinguished by the death of the plaintiff.

Accordingly, while the notice of voluntary dismissal is ineffective, the death of Plaintiff extinguishes the causes of action and the case will be dismissed.  A separate Order will be entered.

                                    ____/s/_____
                                    DEBORAH K. CHASANOW
                                    United States District Judge

---

[3] Plaintiff's original complaint brought a single count of defamation.  Plaintiff subsequently amended his complaint to add a count of invasion of privacy false light.